In re Kenneth Ray GRAHAM and Linda Graham, Debtors.

SANDIA FEDERAL SAVINGS AND LOAN ASSOCIATION, f/k/a Sandia Savings and Loan Association, Plaintiff,

v.

Kenneth Ray GRAHAM, Linda Graham, and Western Bank In Las Cruces, Defendants.

Bankruptcy No. 81–00122 M L.

Adv. No. 82–0012.

United States Bankruptcy Court, D. New Mexico.

April 7, 1982.

Gerard W. Thomson, Albuquerque, N. M., for plaintiff.

Jerald A. Valentine, Las Cruces, N. M., for defendants Graham.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court January 28, 1982, on the stipulation of counsel on plaintiff's Complaint for Relief from Stay, or, in the Alternative, for Adequate Protection, and Complaint for Foreclosure of Note and Mortgage. Plaintiff was represented by its counsel, Gerard W. Thomson and defendants Graham were represented by their counsel, Jerald A. Valentine. The parties stipulated that defendants Graham will make current all arrearages due under plaintiff's mortgage note. The only matter left unresolved by the parties is whether or not defendants Graham must also pay all attorneys' fees, costs, and late charges incurred by plaintiff, a secured lender. Plaintiff submitted a brief on the issue, attaching thereto copies of all documents relevant to this controversy.

The promissory note signed by the debtors provides for payment of costs and attorney fees if suit were to be brought on plaintiff's note and for late charges on past due installments. This Court finds that plaintiff is entitled to payment of reasonable attorneys' fees, collection costs, and late charges as provided for in plaintiff's note if the security has value enough to encompass said charges.

■ The parties represented to the Court that at the time plaintiff filed its complaint herein, the debtor's equity in said collateral greatly exceeded the amount of plaintiff's claim. Relying upon this representation, this Court finds that the debtors' equity in the Mesilla Park property substantially exceeds plaintiff's claim thereon.

■ Where a secured creditor is entitled to reasonable attorneys' fees provided for in

a note and security agreement, and the security is sufficient to pay for them, the secured creditor may collect reasonable attorneys' fees. *In re Oak Glen R–Vee (Santa Fe Federal Savings & Loan Association v. Oak Glen R–Vee),* —— C.B.C.2d, 7 B.C.D. 138, 8 B.R. 213 (Bkrtcy.C.D.Cal.1981). Further, secured creditors should not be deprived of the benefit of their bargain. Senate Report 95–989, 95th Cong., 2d Sess. (1978) 49, 53–54, U.S.Code Cong. & Admin. News 1978, p. 5787; *In re Paradise Boat Leasing Corp. (Bamerical Mortgage & Finance Co., Inc. v. Paradise Boat Leasing Corp.),* 1 C.B.C.2d 413, 5 B.C.D. 1122, 2 B.R. 482 (Bkrtcy.D.V.I.1979).

An appropriate order will enter.